UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS P. BUSH,

        Petitioner,                  Case No. 1:13-cv-568

v.                                    Honorable Robert J. Jonker

STEVEN RIVARD,

        Respondent.
_____/

## OPINION

This purports to be a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir.

---

[1]Petitioner titles his action as a "Petition Under 28 USC 2254 for Writ of Habeas Corpus by a Person in State Custody." (Pet., docket #1, Page ID#1.) On the same page, however, Petitioner cites "Rule 60(b)(d)(3)" of the Federal Rules of Civil Procedure, and he references two previously dismissed cases filed in this Court. *See Bush v.Rivard et al.*, No. 1:13-cv-142 (W.D. Mich. Apr. 29, 2013); *Bush v. Heyns et al.*, No. 1:13-cv-347 (W.D. Mich. Apr. 29, 2013). The instant action was docketed as a habeas corpus action under § 2254 in accordance with the title of Petitioner's pleading. The Court subsequently entered an order expressly characterizing the action as one under § 2254 and requiring Petitioner to pay the $5 filing fee for such an action or apply to proceed *in forma pauperis*. In contrast, the fee for a regular civil action is $400. In a letter filed on June 24, 2013, Petitioner asserts that he has filed a "60(d)(3) Petition of Fraud Upon The Court." (*See* docket #4, Page ID#10.) That same date, however, Petitioner paid the $5 fee for a habeas corpus action. Based on the foregoing, the Court construes this action as one under § 2254.

1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a claim that is cognizable on habeas review.

## Factual Allegations

Petitioner Douglas P. Bush presently is incarcerated at the St. Louis Correctional Facility. He currently is serving a prison term of three years and nine months to twenty years, imposed by the Montcalm County Circuit Court on October 5, 2001, after a jury convicted him of one count of first-degree criminal sexual conduct involving a person under 13 years of age, MICH. COMP. LAWS § 750.520b(1)(A).

Petitioner does not challenge his conviction or sentence imposed by the Montcalm County Circuit Court.[2] Instead, he collaterally challenges the legality of decisions by this Court to dismiss two actions concerning the Michigan Parole Board's refusal to grant him parole: a habeas corpus action under 28 U.S.C. § 2241 in *Bush v. Rivard et al.*, No. 1:13-cv-142 (W.D. Mich.), and a civil rights action under 42 U.S.C. § 1983 in *Bush v. Heyns et al.*, No. 1:13-cv-347 (W.D. Mich.). Petitioner complains that the dismissals denied him his right to due process, denied him access to the courts, and constituted perjury, fraud upon the court, obstruction of justice, and judicial misconduct. Petitioner also reasserts his claim that the Michigan Parole Board violated his constitutional rights when it denied him parole, and he demands appointment of counsel to assist him in presenting his claims to the Court.

---

[2]Had he done so, his action would have been a second or successive petition and would have been transferred to the Sixth Circuit as required by 28 U.S.C. § 2244(b)(3), because Petitioner has previously has filed a habeas action challenging his conviction, which was denied on the merits. *See Bush v. Renico*, No. 2:04-cv-74609 (E.D. Mich. Oct. 4, 2005).

**Discussion**

To the extent Petitioner seeks to challenge the results of decisions in other cases, he does not assert a claim cognizable on habeas review. Instead, his petition must be construed as an improper attempt to seek relief from judgment or an improper appeal from a decision in a separate case. Had Petitioner wished to seek relief from the Court's judgments in *Rivard* or *Heyns*, he should have filed motions in those cases or filed appeals with the Sixth Circuit. He made no attempt to do so. He may not collaterally attack the results in those cases in an independent habeas action.

Furthermore, because Petitioner seeks relief under § 2254, his action is subject to the requirements in 28 U.S.C. § 2244 for "second or successive" habeas applications. *See id.* Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, the district court lacks jurisdiction to consider a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). Here, Petitioner reargues issues that were previously raised in his petition in *Rivard*. That petition was dismissed on the merits. Consequently, the instant action is second or successive. Petitioner has not obtained the requisite authorization from the court of appeals; thus, the Court lacks jurisdiction to consider it.

Moreover, even if the Court were to construe Petitioner's action as one seeking relief under Rule 60(d)(3) of the Federal Rules of Civil Procedure, it would be subject to dismissal because it does not satisfy the requirements for relief. Petitioner's action is premised upon "fraud upon the court." (*See* Pet., docket #1, Page ID#1; Letter, docket #4, Page ID#10.) Rule 60(d)(3) allows for an independent equitable action for fraud upon the court in certain limited circumstances. To establish his claim, Petitioner must show conduct:

> (1) by an officer of the court; (2) directed to the "judicial machinery" itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court.

*Maloof v. Level Propane, Inc.*, 429 F. App'x 462, 467 (6th Cir. 2011) (quoting *Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993)); *accord Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010). Petitioner bears the burden of proving the existence of fraud upon the court by clear and convincing evidence. *Johnson*, 605 F.3d at 339. Petitioner provides no examples in which the Court was deceived, much less clear and convincing evidence of the same. Instead, he argues that the Court's analysis and disposition of his cases constituted a form of fraud. The Court cannot commit fraud upon itself. Thus, an action under Rule 60(d)(3) would be dismissed as meritless.

Finally, to the extent that Petitioner requests a court-appointed attorney, his request will be denied. Contrary to Petitioner's assertions, habeas petitioners do not have a constitutional right to a court-appointed attorney. *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Barker v. Ohio*, 330 F.2d 594, 594-95 (6th Cir. 1964); *see also Lovado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING SECTION 2254 CASES. Considering

the nature of the issues raised in this action and the procedural posture of the case, the Court finds that appointment of counsel is not necessary.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a claim that is cognizable on habeas review. Also, the petition must be dismissed because it is second or successive and the Court does not have the requisite authorization to consider it.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's action was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:      August 5, 2013                    /s/ Robert J. Jonker
                                              ROBERT J. JONKER
                                              UNITED STATES DISTRICT JUDGE